### LEWIS H. RAFFERTY

*v.*

### WILLIAM A. McGOWAN.

*Filed at Springfield March 30, 1891.*

1. CONTESTED ELECTION—*matters in defense.* In a proceeding to contest an election, the defendant may interpose, by answer, any matters which show the contestant is not equitably entitled to the relief sought by his petition.

2. SAME—*resignation of incumbent—and another appointed—rights and remedies of contestant.* A township officer whose election was about to be contested, resigned the office, and his successor was appointed and had qualified before suit brought to contest: *Held,* that as the

defendant, who was the person who had resigned, was not claiming the office, the proceeding to contest was improperly brought against him.

3. Where one who has been declared elected to an office, after qualifying, resigns, and his successor is appointed before any proceeding is brought to contest his election, the remedy of the other party who desires to contest the election is by *quo warranto* against the incumbent in office holding by appointment.

4. Where a person against whom a *quo warranto* is filed claims the office by appointment, to fill a vacancy, he must show there was a vacancy at the time of his appointment. If the person resigning the office was not legally elected and qualified as such, his resignation would not authorize the appointment of his successor.

5. On *quo warranto* by a candidate claiming to have been elected to an office by a majority of the legal votes cast, against one appointed to fill a supposed vacancy by the resignation of the candidate receiving a certificate of election, the validity of the election of the latter will be directly involved, and if it appears that the relator received the most legal votes, the court may order a judgment of ouster against the incumbent, and place the relator in office.

6. SAME—*practice—withdrawing exceptions to answer, and leave to reply—discretionary.* In a proceeding in the county court to contest an election, the contestant excepted to the answer, which was overruled, and judgment of dismissal entered. After an appeal had been perfected, the contestant at the same term asked leave to withdraw his exceptions and reply to the answer, which the court refused : *Held,* that the motion was addressed to the sound discretion of the court, and that the refusal of the motion was, under the circumstances, no abuse of discretion.

7. AMENDING THE RECORD—*during the term.* The county court has power, at any time during the term in which it enters judgment, to change the same in form or substance ; but after a final judgment has been rendered and an appeal has been taken, the party appealing can not, as a matter of right, claim a change in the judgment or record, but an application for that purpose is addressed to the discretion of the court.

APPEAL from the County Court of Greene county ; the Hon. L. R. LARKIN, Judge, presiding.

Mr. JOHN C. BOWMAN, and Mr. JOHN G. HENDERSON, for the appellant :

The object of an election contest is to determine the validity of the election itself, put the rightful party in office if not

already in, and if he has been deprived of the office, give him, by the decision of the court, the fees and emoluments of the office, etc. McCrary on Elections, sec. 332; *Mayfield* v. *Moore,* 53 Ill. 428.

A suit in assumpsit for fees earned would not lie, for the title to the office could not be determined in such suit. An election can not be contested in that way. A suit in chancery will not lie for the same reason. McCrary on Elections, sec. 401; *Dickey* v. *Reed,* 78 Ill. 261; *Moore* v. *Hoisington,* 31 id. 243.

The court erred in overruling the motion of the petitioner to withdraw his exceptions and file a replication.

Mr. JAMES R. WARD, for the appellee:

The statutory contest is in the nature of a proceeding in equity. It was the right of the appellee to interpose, by answer, as he did, any matters which showed that appellant was not equitably entitled to the relief asked. *Dale* v. *Irwin,* 78 Ill. 170; *Talkington* v. *Turner,* 71 id. 235; Rev. Stat. chap. 46, sec. 116.

Resignation ought to afford as complete a defense as death, in which case the action does not survive. *Harvey* v. *Harvey,* 87 Ill. 54; *Kreitz* v. *Behrensmeyer,* 125 id. 141; *Moore* v. *Mayfield,* 47 id. 167; *Smith* v. *People,* 51 id. 177.

The remedy, appropriate under the circumstances of this case, is *quo warranto* against the incumbent, Cunningham. It would then devolve on the incumbent to show that the town board of appointment acted in a case where the law conferred upon it the authority to appoint him to the office. The question whether there was a vacancy in the office, the legality of the resignation and the acceptance thereof, the legality of the election of appellee, and all antecedent transactions upon which the authority of the board to act depends, are necessarily involved in the determination of the title of the incumbent, Cunningham, to the office. The statutory remedy for

contesting is not exclusive.　　*Clark* v. *People,* 15 Ill. 217;
*Launtz* v. *People,* 113 id. 137; *People* v. *Matteson,* 17 id. 169;
*State* v. *Churchill,* 15 Minn. 455; *Stephens* v. *People,* 89 Ill.
337; *People* v. *Seamen,* 5 Denio, 409; *People* v. *Thatcher,* 55
N. Y. 525; *DeBerry* v. *Nicholson,* 102 N. C. 465; *St. Louis* v.
*Sparks,* 10 Mo. 117.

After the appeal was perfected the county court had no
power to act.　The case was then pending in this court.　*In re
Storey,* 120 Ill. 252; *People* v. *Prendergast,* 117 id. 596; *Elgin
L. Co.* v. *Langman,* 23 Ill. App. 256.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding in the county court of Greene county
to contest an election, instituted by Lewis H. Rafferty, appel-
lant, against William A. McGowan, appellee.　It appears that
appellant and appellee were each candidates for assessor of
the town of Wrights, in Greene county, Illinois, at an annual
meeting held therein April 1, 1890, for the election of town
officers.　The officers holding the election, upon the comple-
tion of the canvass of the votes, declared the result, and caused
to be publicly read to the meeting, in pursuance of law, the
statement of the result of the election, in which it appeared
that appellant had received ninety-nine votes and appellee
one hundred votes, showing that appellee was elected, as they
had declared.　The ground set up in the petition, and relied
upon to defeat appellee's title to the office, was, that four per-
sons who were not legal voters, voted for appellee at the elec-
tion, and these illegal votes were counted for appellee, thus
giving him a majority of the votes cast, when appellant had
received a majority of the legal votes cast at the election.

To the petition appellee put in an answer, under oath, in
which he denied that petitioner was elected assessor by a
majority of the legal votes; denied that petitioner received a
greater number of legal votes at said election than were received
by the respondent; denied that illegal votes were cast for re-

spondent. The respondent further set up in the answer, that at the election he was duly elected assessor by the legal votes of the town; that the result of the election was, in due form of law, entered by the town clerk in the minutes of the proceedings of the meeting kept by the clerk, as required by law; that within ten days respondent qualified, by taking the oath required by law, which oath was filed in the office of the town clerk prior to April 7, 1890; that afterwards, on the 9th day of April, 1890, and before the filing of the petition herein and the service of notice on respondent of this proceeding, respondent resigned said office, and delivered to William D. Waltrip and John Doyle, Jr., then and there the only justices of the peace in said town of Wrights, his resignation in writing. The respondent further set up in the answer, that his resignation was received and accepted by the town board, and an order entered in the office of the town clerk declaring a vacancy in the office of assessor. It also set up, that the town board, after accepting respondent's resignation, appointed George W. Cunningham assessor of the town to fill the vacancy, and the order was duly entered of record in the town clerk's office; that said Cunningham, so appointed assessor, took, subscribed and filed in the office of the town clerk of said town of Wrights the oath of office required by the constitution, as required by law, and duly qualified as assessor of said town, for the unexpired term, on April 14, 1890, and on April 30, 1890, the town clerk of said town filed with the county clerk of said county the list showing the appointment of said Cunningham.

The petitioner excepted to all that part of the answer setting out the action of the judges in certifying to the election of respondent, his resignation, and the appointment of Cunningham as assessor, because it was wholly immaterial. The court overruled the exceptions, and petitioner electing to abide by the exceptions, the court rendered a decree dismissing the petition.

In a proceeding of this character a defendant may interpose, by answer, any matters which show that the contestant is not

equitably entitled to the relief sought by the petition, as held in *Talkington* v. *Turner*, 71 Ill. 234. The question, therefore, presented by this record is, whether the matters set up in respondent's answer constitute a defense to the case made by the petition.

It will be observed that this proceeding to contest the election was not instituted until after appellee had resigned the office and his successor had been appointed and qualified; and the question raised by the answer is, whether a proceeding of this character may be maintained against a person who does not hold or claim the office which the petitioner seeks by his petition to contest. The proceeding is statutory. Section 112, chapter 46, of Starr & Curtis' Statutes, provides who may contest an election, and section 113 declares that "the person desiring to contest such election shall, within thirty days after the person whose election is contested is declared elected, file with the clerk of the proper court a statement in writing, setting forth the points on which he will contest the election,—which statement shall be verified by affidavit, in the same manner as bills in chancery may be verified." Section 114 provides, that "upon the filing of such statement summons shall issue against the person whose office is contested, and he may be served with process, or notified to appear, in the same manner as is provided in cases in chancery."

From the sections of the statute *supra,* it would seem that the person whose office is to be contested is the person to be brought into court as a defendant to the proceeding. If this is correct,—and the statute so declares,—then the defense interposed by appellee was a valid defense to the petition. Appellee did not hold the office, nor did he set up any claim whatever to it. So far as he was concerned he was an utter stranger to the office of assessor. When a person who may be declared elected to a town office may die, resign or refuse to accept the office, and some other person is appointed or elected before a contest is instituted, the person first declared elected

40—136 ILL.

can not be "the person whose office is contested," within the meaning of the statute. Appellee held this office but three days, when he resigned. He received no fees or emoluments while he held the office. Why should he be dragged into court and compelled to litigate a matter in which he has no interest and to which he sets up no claim? We are aware of no principle upon which he can be made a defendant, and be compelled to litigate the title to the office after his resignation, the resignation having been accepted before the proceedings to contest were instituted.

It is, however, claimed, that a holding of this character will leave appellant without a remedy. This is a misapprehension. The appropriate remedy is *quo warranto* against Cunningham, the person who claims the office by virtue of the appointment of the town board. A proceeding of that character would compel Cunningham to show his title to the office. If he held by virtue of an appointment, in order to make the appointment valid it would be necessary to establish a vacancy when the appointment was made. There was no vacancy unless appellee had been duly and legally elected, and had resigned. The validity of appellee's election would thus, in a *quo warranto* proceeding, directly arise. It would be the foundation to the appointment upon which Cunningham relies. Moreover, if this proceeding had gone on, and it had been determined that appellant was elected, the court would have been powerless to turn Cunningham out and seat appellant. On the other hand, in a *quo warranto* proceeding, on the relation of appellant, against Cunningham, the court could render a judgment of ouster, and place the relator in office.

One other question remains to be considered. The final judgment of the court was entered in this proceeding on May 13, 1890. Appellant then prayed an appeal, which was granted upon filing bond within thirty days. On the 28th of May a bond was executed, submitted to the court, and approved. On the 31st of May appellant appeared before the

county court and asked leave to withdraw the exceptions which he had filed to the answer, and asked leave to reply to the answer. The court denied the application, and this is assigned as error. We think the court had the power, at any time during the term, to change its judgment in form or substance; but after a final decree or judgment had been rendered and an appeal had been taken, appellant could not demand a change in the judgment as matter of right, but an application of that character was addressed to the discretion of the court, and under the circumstances we do not think there was an abuse of discretion.

The judgment of the county court will be affirmed.

*Judgment affirmed.*