J. R. HOLT, Appellant, *vs.* AERWINE WILLETT, Appellee.

*Opinion filed December 21, 1911.*

ELECTIONS—*resignation of incumbent before a contest proceeding is begun bars the proceeding.* The resignation of the incumbent of an office before a proceeding is begun to contest his election is a defense to the proceeding and justifies the dismissal of the petition on demurrer, notwithstanding the petition alleges that the purpose of such resignation was to forestall the contest and prevent the exposure of the fraud practiced at the election. (*Rafferty* v. *McGowan,* 136 Ill. 620, followed.)

APPEAL from the County Court of Fayette county; the Hon. JOHN H. WEBB, Judge, presiding.

ALBERT & MATHENY, for appellant.

ARTHUR ROE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellant, J. R. Holt, filed a petition in the county court of Fayette county against Aerwine Willett to contest the election of Willett to the office of school director of school district No. 60, in said county, to which a demurrer was interposed and sustained and the petition dismissed. The petitioner has perfected an appeal to this court, and the only question presented for our consideration is as to the sufficiency of the petition.

The petition alleges that a school election was lawfully held in said district on April 15, 1911, to elect one school director and that petitioner and Willett were opposing candidates; that there were 46 legal votes cast at such election, of which petitioner received 27 and Willett 19; that through the fraud and misconduct of the judges of the election Willett was declared elected and proclamation made thereof at the conclusion of the count of the ballots. The petition further alleges that after Willett and Cleary, another member of the board of directors, learned that the petitioner was intending to contest said election and had consulted and employed an attorney for that purpose, said Willett and Cleary, in order to forestall such contest and deprive petitioner of said office and to prevent the fraudulent practices from being exposed, resigned their said offices as directors of said district, which said resignations were accepted; that a special election had been called by the only remaining school director to fill the vacancy caused by the resignation of said Cleary, and that said special election had been held and Fred Klinge was elected at such special election to fill the vacancy caused by the resignation of Cleary; that no election has been called or held in said district to elect a successor to fill the vacancy caused by the resignation of Willett. The petition prays for a recount of the ballots and that petitioner may be declared duly elected to the office of school director.

The legal question presented is whether the resignation of a contestee before the proceeding to contest the election is instituted is a good defense to the proceeding to contest the election. The case of *Rafferty* v. *McGowan,* 136 Ill. 620, which was a proceeding to contest the office of town assessor, is a controlling authority upon this question. Among other defenses set up by the answer of the respondent was, that respondent had resigned and that his resignation had been accepted and a successor appointed before the proceeding to contest the election was commenced. The question presented in that case was thus stated by the court, on page 625: "It will be observed that this proceeding to contest the election was not instituted until after appellee had resigned the office and his successor had been appointed and qualified; and the question raised by the answer is, whether a proceeding of this character may be maintained against the person who does not hold or claim the office which the petitioner seeks by his position to contest." In disposing of that question this court further said: "From the sections of the statute *supra* it would seem that the person whose office is to be contested is the person to be brought into court as a defendant to the proceeding. If this is correct,—and the statute so declares,—then the defense interposed by appellee was a valid defense to the petition. Appellee did not hold the office nor did he set up any claim whatever to it. So far as he was concerned he was an utter stranger to the office of assessor. When a person who may be declared elected to a town office may die, resign or refuse to accept the office and some other person is appointed or elected before a contest is instituted, the person first declared elected cannot be 'the person whose office is contested,' within the meaning of the statute. Appellee held this office but three days, when he resigned. He received no fees or emoluments while he held the office. Why should he be dragged into court and compelled to litigate a matter in which he has no interest and to which he

sets up no claim? We are aware of no principle upon which he can be made a defendant and be compelled to litigate the title to the office after his resignation, the resignation having been accepted before the proceedings to contest were instituted." This authority would seem to be conclusive of the question presented in the case at bar.

The judgment of the county court of Fayette county is affirmed.

*Judgment affirmed.*