(No. 30442.

PAUL G. FIEGENBAUM, Appellee, *vs.* SARA TAYLOR McFARLANE *et al.*, Appellants.

*Opinion filed January 22, 1948—Rehearing denied March 16, 1948.*

368

SIMPSON, J., took no part.

JOHN B. HARRIS, of Granite City, and WILBUR A. TRARES, of Edwardsville, for appellants.

JESSE R. BROWN, of Edwardsville, for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of court:

This is an appeal prosecuted to reverse a judgment of the county court of Madison County entered in an election contest action. The incumbent of the office of recorder of deeds of that county died and a special election to fill the vacancy was called, to be held on the day of the general election in November, 1946. Thomas E. Henry and appellee, Paul G. Fiegenbaum, were opposing candidates for said office. November 12, 1946, the canvassing board declared Henry elected and issued a certificate of election

to him. He died November 28 without having qualified for the office.

On December 10, Fiegenbaum filed his statement under section 23-19 of the Election Code, to contest the election. Parties named as defendants and summoned to answer were Sara Taylor McFarlane, who had been appointed to the office to serve until the vacancy could be filled by election, and Jane Henry, executrix of the will of Thomas E. Henry, deceased.

Defendants moved to dismiss the petition on the grounds that they had no interest in the contest and should not be named as defendants, and further that the action had abated on the death of Henry. The contention of Fiegenbaum that the action could be maintained under section 22a of the Abatement Act (Ill. Rev. Stat. 1947, chap. 1, par. 22a,) was sustained and thereupon, to conform with the requirements of that statute, the court appointed John B. Harris, an elector of the county, to defend. By apt and timely motions made by Harris as elector and the other two defendants, a question is presented as to whether the death of Henry, occurring as it did before he qualified for the office and prior to the filing of Fiegenbaum's contest, caused the action to abate. After the motions for dismissal were overruled, the court proceeded to recount the ballots and at the conclusion thereof entered a judgment declaring Fiegenbaum elected to the office to fill the vacancy.

The defendant elector filed a notice of appeal from such order and in this court the other defendants join in his brief. Questions are argued which arose on the recount of ballots, but, in view of the conclusion reached on the jurisdictional question, it will not be necessary to consider them.

The motion to dismiss presents questions which require a construction of section 22a of the Abatement Act. The section is as follows: "No election contest shall abate on account of the death of any contestee in such contest.

Upon the suggestion of the death of any contestee by the contestant at any time before final judgment, within five days thereafter any elector of the State or political subdivision thereof for which the contestee was declared to be nominated or elected, may appear and intervene in such proceeding, or in case no elector appears within such five days, the court shall appoint such an elector to appear and intervene in such proceeding, and defend the same and thereupon the court shall proceed to final judgment." It was added to the act in 1933.

Before considering the statute, it is well to consider a few principles involving election contest actions which were well established prior to the enactment of section 22a, and from this determine what defect section 22a was designed to cure and 'whether it is applicable to the facts shown in this record. .

The right to contest an election is purely statutory. No such right existed at common law. (*Flake* v. *Pretzel,* 381 Ill. 498; *Hulse* v. *Nash,* 332 Ill. 500; *Olson* v. *Scully,* 296 Ill. 418.) The procedure prescribed by statute to contest an election must be strictly followed. (*Girhard* v. *Yost,* 344 Ill. 483.) A contest cannot be brought unless authorized by statute. *Douglas* v. *Hutchinson,* 183 Ill. 323.

Section 23-19 of the Election Code (Ill. Rev. Stat. 1947, chap. 46, par. 23-19,) authorizes any elector of the county or subdivision for which the person is declared elected to contest the election. Section 23-20 provides that the person desiring to contest the election of a person to a particular office shall "within thirty (30) days after the person whose election is contested is declared elected" file a statement with the clerk of the court having jurisdiction to hear such contest. The contestant must set forth in such statement the points relied upon for contest and shall vertify it in the same manner as complaints in other civil cases are verified. Section 23-21 directs that upon the filing of such statement summons shall issue against the

person whose office is contested, and he may be served with process or notified to appear in the same manner as is provided in other civil cases.

No claim is made that Jane Henry, executrix, or Sara Taylor McFarlane had any interest in the contest which required their being summoned as defendants. No costs have been taxed against them and they should not have been made defendants.

In *Rafferty* v. *McGowan*, 136 Ill. 620, the one who had been declared elected and had assumed the duties of the office, anticipating a contest, tendered his resignation which was accepted. Thereupon the office was declared vacant. Notwithstanding such resignation, a contest was filed and the one who had relinquished the office was summoned as defendant. His withdrawal was pleaded as a defense. The petition to contest was dismissed and the judgment was affirmed. After referring to the statute, which is the same as section 23-20, it was said: "Appellee, [the one declared elected] did not hold the office, nor did he set up any claim whatever to it. So far as he was concerned he was an utter stranger to the office of assessor. When a person who may be declared elected to a town office may die, resign or refuse to accept the office, and some other person is appointed or elected before a contest is instituted, the person first declared elected cannot be 'the person whose office is contested,' within the meaning of the statute. Appellee held this office but three days, when he resigned. He received no fees or emoluments while he held the office. Why should he be dragged into court and compelled to litigate a matter in which he has no interest and to which he sets up no claim? We are aware of no principle upon which he can be made a defendant, and be compelled to litigate the title to the office after his resignation, the resignation having been accepted before the proceedings to contest were instituted." The *Rafferty case* was followed in *Holt* v. *Willett*, 252 Ill. 233.

The opinions in the *Rafferty* and *Holt cases* were rendered under provisions of the election statute that were the same as the statute authorizing election contests under the present Election Code. They were decided long before section 22a was enacted as a part of the Abatement Act. The next question is as to whether section 22a authorizes the contest of an election of a person to a particular office where such person died before assuming the office and before the suit to contest was started.

Section 22a was considered in *McKinley* v. *McIntyre,* 360 Ill. 382, and held constitutional. In that case the person whose office was contested died pending the action and it was held that the provisions of the statute prevented the abatement of the suit. The facts in that case are distinguishable from the facts in this case.

At common law an abatement was an entire overthrow or destruction of the suit while in equity it signified a present suspension of all proceedings in the event of the death of one of the parties. (*Geiger* v. *Merle,* 360 Ill. 497.) In vol. 1 C.J.S. page 27, it is said: "The term 'abatement' is used with reference to pending actions or suits." In vol. 1 American Jurisprudence, page 68, it is said: "The survivability of a cause of action has no necessary relation to the abatement of a pending action."

The first sentence of the section declares that no election contest shall abate on account of the death of any contestee in such contest. If the word "abate" as referred to actions was used in the sense that it is ordinarily applied, then the sentence means that no pending election contest shall abate on account of the death of any contestee in such contest. The words "election contest" and "contestee," indicate that the word "abate" referred to pending actions, that is, actions which survive the death of the contestee. The second sentence refers to the procedure to be followed in the event of the death of the "contestee." Following the suggestion of death of the contestee there is a five-day

period during which any elector of the political subdivision for which the contestee was declared to be elected, may appear and intervene. It is clear that this means the making of a suggestion of death to the court where the proceeding is pending and that the appearance and intervention of an elector is to be made in such court. Definitely the words which follow the foregoing indicate a pending proceeding, for if no elector appears and intervenes within the five-day period, the court shall appoint an elector to appear and defend and thereupon the court shall proceed to final judgment.

The statute is construed as an abatement act prescribing procedure by which a pending action may proceed to final judgment after the death of the contestee. As noted, we held in the *Rafferty* and *Holt cases* that there was no provision in the election statute providing for the contest of an election where the person elected to the office and against whom the contest was to be started dies or resigns before the filing of the suit. In such a case the action does not survive the contestee and section 22a has no application. As observed, an action to contest an election did not survive by the common law, and, being purely a statutory remedy, it can be pursued only in the mode and within the limitations prescribed by the statute. Under the construction we have given the provisions of the Election Code and section 22a of the Abatement Act, there is no escape from the conclusion that where the person whose office is to be contested dies or resigns before the suit is started, the action does not survive.

The county court erred in not sustaining the motions to dismiss the petition. Under the views expressed, it is not necessary to consider other questions which arose on the recount of the ballots.

*Judgment reversed.*

Mr. Justice Simpson took no part in the consideration or decision of this case.