BOOTH, PETITIONER, v. THE COUNTY COURT OF ARAPAHOE COUNTY, RESPONDENT.

1. JURISDICTION—ELECTION CONTESTS.
The county court has no jurisdiction to hear and determine an election contest between claimants to the office of mayor of a city of the second class.

2. CITY COUNCIL—ELECTION CONTESTS.
The city council in cities of the first and second class is designated by statute as the tribunal to try election contests between its members.

3. SAME.
The mayor of a city of the second class being a member of the city council, the contest of his election is cognizable by that body.

*Original Proceeding.*
VOL. XVIII—36

18  561
19  114
18  561
19a 391

PETITION for a writ of prohibition.

The city of Highlands is a city of the second class, organized under the general law of the state of Colorado. At an election held therein on the 4th day of April, 1893, William W. Booth and Allison Stocker were opposing candidates for the office of mayor. Upon the canvass of the returns of said election Booth was declared elected, and on the 13th day of April, 1883, duly qualified and entered upon the duties of the office as such mayor.

On the 13th day of April, 1893, Stocker instituted a proceeding in the county court of Arapahoe county to contest the election of Booth to said office. Upon being duly served with summons Booth appeared and filed in said county court his motion to dismiss said proceeding, upon the ground that the court was without jurisdiction over the subject-matter. This motion was overruled by the court. And the court having decided to hear and determine the matter in controversy, Booth applied to the district court of Arapahoe county for a writ of prohibition, which was denied. On the 27th day of May, 1893, he presented his petition to this court for a writ of prohibition to restrain said county court from proceeding further in the matter of contest, upon the ground that said court was without jurisdiction to hear and determine the same. Upon an order to show cause being issued and served, the respondent, the county court of Arapahoe county, appeared herein and interposed a demurrer, upon the ground that the petition so filed did not state facts sufficient to constitute a cause of action, nor entitle the petitioner to any relief. The cause is submitted upon the issue so joined.

Mr. PLATT ROGERS and Mr. GEORGE ROGERS, for petitioner.

Mr. R. D. THOMPSON, for respondent.

MR. JUSTICE GODDARD delivered the opinion of the court.

The question presented is, whether the county court has

jurisdiction to hear and determine an election contest between rival claimants to the office of mayor of a city of the second class.    Section 12, article 7 of the State Constitution provides that :

"The general assembly shall, by general law, designate the courts and judges by whom the several classes of election contests, not herein provided for, shall be tried, and regulate the manner of trial, and all matters incident thereto ; * * *."

The jurisdiction to try election contests, therefore, must be conferred by statute ; and unless by some legislative enactment the county court has been designated as the tribunal for the trial of a contest of this character, the interposition of this court is properly invoked to restrain it from entertaining jurisdiction of the contest in question.

Counsel for respondent predicate the right of the county court to hear the contest in question upon section 22, page 199, of the Session Laws of 1885, which reads as follows: "Contested election of town and precinct officers shall be tried before the county court, as hereinbefore provided for the trial of contest of county officers, so far as the same is practicable ; " etc. ; and insist that the legislature intended, by the word "town" as used therein, to include cities, and to designate county courts as the tribunal to hear contests between rival claimants for city offices.

In our opinion this section is not susceptible of such a construction.    It seems to us more reasonable to conclude that, if the legislature intended by it to cover contests for city offices, it would have said so expressly, and not have left it a matter of doubtful judicial construction by using the word "town" as including cities, and thus give to the word a sense different from that invariably given it in the general act relating to municipal corporations.    Therein such corporations are divided into distinct and separate classes as cities of the first or second class and incorporated towns, and are referred to throughout the act as separate and distinct organizations.

It is not to be presumed that in this single instance the

legislature omitted the word " city " in legislating in reference thereto, with the expectation that courts would construe the word " town " as synonymous with, or as including, cities.

As a further and conclusive reason why the contention of respondent cannot prevail, is the fact that the legislature has expressly conferred the jurisdiction to determine contests for the office in question upon the common council of cities of the first and second class.

The general act relating to municipal corporations, under which the city of Highlands is incorporated, provides—

" That the corporate authority of cities organized under this act shall be vested in a mayor and a board of aldermen, to be denominated the city council," etc., Section 3363, p. 987, Gen. Stats.

By § 3369, p. 988 of the General Statutes, it is declared that :

" The members of the council elected for each city shall, on the second Monday after the election, meet and organize the city council. A majority of the whole number of members shall be necessary to constitute a quorum for the transaction of business ; *they shall be judges of the election returns and qualifications of their own members,*" etc.

That the legislature, in obedience to the constitutional mandate, intended, by the language used in the latter section, to designate the council in cities of the first and second class as the tribunal to try election contests between its members, we think is clear.

The adequacy of this provision to confer such jurisdiction is recognized in numerous cases. In *Ex parte Strahl,* 16 Ia. 369, Dillon, J., comments on a similar provision as follows :

" What does this language mean ? * * * It must either have no effect or else it must mean that they may go behind the returns and judge of or decide questions which may arise in respect to these returns. That they can do so with respect to members of the city council proper is clear, and, indeed, is not disputed."

To the same effect are : *Linegar v. Rittenhouse*, 94 Ill. 210 ; *People v. Metzker*, 47 Cal. 524; *State v. Fitzgerald*, 44 Mo. 425 ; *People v. Harshaw*, 80 Mich. 200.

The power to try election contests between its members being thus plainly lodged with the common council, and the mayor, by the express terms of § 3365, *supra*, being designated a member thereof, the contest of his election is expressly made cognizable by that body. *Ex parte Strahl, supra; People v. Harshaw, supra; Vosburg v. McCrary*, 77 Texas, 563 ; *County Court v. Schwarz*, 13 Colo. 291.

If, as claimed by counsel for respondent, the failure on the part of the legislature to provide a mode of procedure renders an exercise of the power attempted to be conferred unavailing, it nevertheless is evident that the legislature plainly intended to confer the power upon the council ; and this necessarily rebuts any inference that by the act of 1885 it intended to confer it upon the county court.

The proceeding instituted in the county court, which is sought to be restrained, is an election contest purely, and the sole question before us is, whether that court has jurisdiction to try such contests.   Whether, if from any reason the designated tribunal is unable to try a contest, a claimant may resort to the action provided by chapter 27, Code of Civil Procedure, to determine his right to an office, it is unnecessary to decide.   We entertain no doubt of the want of jurisdiction in the county court to try the contest in question. Let the writ of prohibition issue accordingly.