L. B. IRMEGAR *et al.* Appellants, *vs.* THE COUNTY OF TAZE-
WELL, Appellee.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. ELECTIONS—*a proceeding to contest an election is subject to
chancery rules.* While a proceeding to contest an election is not
an action at law or a suit in equity, still, under the statute, it is
to all intents and purposes a chancery proceeding and subject to
chancery rules, except as otherwise provided by statute.

2. SAME—*jurisdiction of contest proceeding attaches when the
petition is filed.* Jurisdiction of a proceeding to contest an election
attaches when the petition is filed, and after it is once vested it
cannot be divested by subsequent events.

3. SAME—*signers of petition to contest election on bond issue
not entitled to withdraw names.* Signers of a petition to contest
an election upon the proposition of issuing bonds have no right to
withdraw their names after the time for instituting the contest pro-
ceeding has expired and thereby defeat the jurisdiction acquired
by the court when the petition was filed.

4. PRACTICE—*the question whether causes shall be consolidated
rests largely in discretion of court.* The question whether causes
involving the same questions shall be consolidated in the trial
court is one resting largely in the sound judicial discretion of
that court.

APPEAL from the Circuit Court of Tazewell county;
the Hons. T. N. GREEN and JOHN M. NIEHAUS, Judges,
presiding *en banc.*

WEIL & BARTLEY, GEORGE J. JOCHEM, and FRANK J.
QUINN, for appellants.

W. J. REARDON, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from an order of the circuit court of
Tazewell county dismissing, on motion of the State's attor-
ney, a petition for contesting a special election held in that
county on October 20, 1913, upon the proposition of issuing
bonds in the sum of $250,000 to build a court house.

November 19, 1913, appellants, together with certain others,—eleven in all,—filed in said circuit court their written petition to contest the said election, in accordance with the provisions of section 117 of the Election law. (Hurd's Stat. 1913, p. 1062.) It seems to be conceded that the petition was in due form, and signed, as by statute required, by the requisite number of qualified electors. It set forth various reasons for contesting the election which need not be considered here, as the petition was dismissed without consideration as to the merits of the contest. After the thirty-day period allowed by statute for filing contests had elapsed, seven of said petitioners filed in the circuit court their written withdrawals from said petition. Without notice and without the presence of counsel the trial court entered an order permitting the withdrawal of said signers and dismissed the petition as to them, leaving the petition with but four signers while the statute requires five. As soon as counsel for appellants heard of this order they filed a motion to vacate. They also filed a petition, signed by nearly one hundred other qualified petitioners, asking the court for leave to intervene in said petition. L. B. Irmegar, one of the original petitioners whose name had been allowed to be withdrawn from said petition by the court, filed a motion to have his name re-instated, supporting this motion with an affidavit to the effect that he had not authorized anyone to so withdraw his name. The court allowed Irmegar to be re-instated, but in the meantime W. W. Goddard, another petitioner on the original petition, asked leave to withdraw, which was granted by the court, leaving the petition still with but four signers. The State's attorney of Tazewell county filed a motion to dismiss the petition for want of jurisdiction. The day after the filing of the original petition in this case a similar petition, setting forth the same grounds of contest as to the same election, was filed in said circuit court, signed by six other qualified voters. At the time the motion was made to vacate the order dis-

missing the petition in this case, a motion was also made
to have the two cases consolidated. Four of the petitioners
on the petition last filed had in the meantime withdrawn,
leaving only two petitioners thereon. After a hearing the
circuit court denied the motions of appellants and allowed
the motion of the State's attorney to dismiss the petition in
this case because of want of jurisdiction of the court by
reason of the withdrawal of names from said original peti-
tion. This appeal was prayed by the remaining petitioners.

While a proceeding to contest an election is not an ac-
tion at law or a suit in equity, (*Devous* v. *Gallatin County,*
244 Ill. 40; *Shirar* v. *Elbridge Township,* 249 id. 617;)
still, under our statute it is to all intents and purposes a
chancery proceeding, subject to all chancery rules, except as
otherwise provided by the statute. (*Conway* v. *Sexton,* 243
Ill. 59; *Quartier* v. *Dowiat,* 219 id. 326; *Dale* v. *Irwin,*
78 id. 170.) When such election contests are brought in
court, as required under the statute, the rules as to juris-
diction must necessarily be the same as in other judicial
proceedings, unless the statute on election contests, from its
wording, should be construed otherwise. The general rule
is, that the jurisdiction of a court over a cause depends on
the state of facts at the time the action is brought; that
after jurisdiction has once vested it cannot be divested by
subsequent events. Change of residence or of the condition
of the parties or of the amount in dispute cannot take away
jurisdiction that has once attached. (*Tindall* v. *Meeker,* 1
Scam. 137; *Alley* v. *McCabe,* 147 Ill. 410; *Mullen* v. *Tor-
rance,* 22 U. S. 536; *Clarke* v. *Mathewson,* 37 id. 163;
*United States* v. *Dawson,* 56 id. 467; *State* v. *Wilkins,* 67
N. H. 164; Hawes on Jurisdiction of Courts, sec. 23.)
Under these authorities jurisdiction attached as soon as this
petition was filed. Nothing is found in the wording of the
statute on election contests that indicates in any way that
the question of jurisdiction in such court proceedings should
be treated differently from the question of jurisdiction in

any other cause.   Obviously, therefore, jurisdiction having vested, it was not divested by the withdrawal of certain of the petitioners, unless, under the statute, they had the right to control and dismiss the petition.

A part of the complainants, if this were an ordinary lawsuit, would have no authority to dismiss this proceeding so as to oust the court from jurisdiction to try the same on behalf of the other complainants.   After suit brought, part of the plaintiffs cannot be permitted to withdraw if by so doing the remaining plaintiffs in the suit are injured. (*Holkirk* v. *Holkirk,* 4 Madd. 50; *Jeffcoat* v. *Jeffcoat,* 3 L. J. Ch. [O. S.] 45.)   This court has held that one of two plaintiffs has no right to dismiss the action against the objections of the other, even though the person desiring to dismiss is liable to be injured by the further prosecution, provided his co-plaintiff shall indemnify him against the loss.   (*Winslow* v. *Newlan,* 45 Ill. 145; see, also, Andrews' Stephen's Pl.—2d ed.—sec. 31.) · If the argument of counsel for appellee is sound, then why should not death, insanity, conviction of felony or removal from the election district of any one of the petitioners after the filing of the petition operate, in and of itself, as a dismissal of the petition and thus oust the court of its jurisdiction?   There appear to be no decisions of this question by courts of last resort, except that of Hawaii by a divided court.   The decisions in other jurisdictions could, in any event, be only persuasive and not conclusive.   The statutes of other States on this question, so far as they have been called to our attention, are not identical in wording with the Illinois statute.   In McCrary on Elections (4th ed. sec. 454) the author says that a contested election, whatever the form of the proceeding may be, is in its essence one in which the people are primarily and principally interested; that "it is not a suit for the adjudication and settlement of private rights, simply.   It follows that the parties to the record cannot, by stipulation or otherwise, discontinue or compromise a case

of this character without the consent and approval of the court or tribunal trying it. Nor should such consent ever be given unless the court giving it is sufficiently advised to be able to say that it is for the interest of the public to do so."

The cases relied on by counsel for appellee, such as *Littell* v. *Board of Supervisors*, 198 Ill. 205, *Theurer* v. *People*, 211 id. 296, *Kinsloe* v. *Pogue*, 213 id. 302, and *Malcomson* v. *Strong*, 245 id. 166, holding that signers upon various kinds of statutory petitions, before the petition is acted upon by the tribunal created by law to determine the matter, may withdraw their names, are not controlling. Every one of the statutes there considered is different in wording from the one now under consideration. In none of the cases was the petition in any sense a pleading in a judicial proceeding in court, and in none of them did the dismissal of the petition operate to dispose finally of the question involved. In each of them a new petition could thereafter be filed for the same purpose, signed by the same or different petitioners. We are in full accord with the reasoning in some of the cases just referred to, where it was said that in a petition involving the removal of a county seat, or other like question, a man might deliberately change his mind and conclude he did not want a change in the county seat, and therefore it was in accordance with common sense, as well as sound public policy, to allow such petitioner to withdraw his name from the petition before it was finally acted upon. Under the statute we are considering the situation is entirely different. A withdrawal of the petitioners' names after the thirty-day limitation for filing the petition, and the dismissal of the petition therefor, would defeat any further investigation as to the illegality of the election. If that be the meaning of the statute, its purpose in authorizing five qualified voters to contest would, in practice, be nullified, and no one would feel certain of giving the court jurisdiction unless many times five

voters signed. All citizens are as much interested in having elections fairly conducted and the results fairly and honestly declared as are the five voters who may file a petition to contest such an election. The interests of the public are paramount to those of any contestant or petitioner. Election contests, where one person files a contest as to an office for which he has been a candidate, have sometimes been stated to be adversary proceedings. (15 Cyc. 402, and cases cited.) This, however, is not that sort of a contest and we are not required to consider or decide that point. The public, alone, is here interested. No voter has any greater interest than any other voter. Statutes should be so construed as to protect the elective franchise. The intent of the statute is the law. (Sutherland on Stat. Const. sec. 234.) The legislature certainly did not intend, in drafting this statute as to contesting an election upon a subject which may by law be submitted to a vote of the people where only five petitioners are required and the petition must be filed within thirty days after the election, to permit any one of the five petitioners after the thirty days had expired, whether moved by honest motives or otherwise, to defeat an investigation of such election by withdrawing his name from the petition. Such a construction of the statute is contrary to its plain intent and purpose and against sound public policy.

The trial court erred in allowing the petitioners to withdraw their names and in dismissing the petition.

The question whether causes involving the same questions shall be consolidated in the trial court is one resting largely in the sound judicial discretion of that court. We see no reason why these two cases, involving identically the same question, should not have been consolidated. If that, however, had been the only error the decree would not be reversed.

The decree of the circuit court is reversed and the cause remanded. *Reversed and remanded.*