J. E. MAYFIELD, Appellant, vs. W. V. MILES, Appellee.

*Opinion filed December 16, 1914.*

1. ELECTIONS—*rule as to service where necessary party to an election contest has left the State.* Where a necessary party to a proceeding to contest an election is not within the State, service may be had upon him in the same manner as is provided in cases in chancery.

2. SAME—*who is not a necessary party to an election contest.* Where there are three candidates for an office, and the one receiving the least number of votes makes no claim to the office and his rights can in no way be prejudiced by a contest between the other two candidates, he is not a necessary party to such contest.

APPEAL from the County Court of Coles county; the Hon. JOHN P. HARRAH, Judge, presiding.

T. N. COFER, for appellant.

J. H. MARSHALL, and C. H. SHUEY, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment dismissing a petition to contest an election for the office of assessor of the town of Charleston. At the April election, 1914, in said town, J. E. Mayfield, W. V. Miles and J. C. Brooks were candidates in the town of Charleston for town assessor. Appellant, Mayfield, received 665 votes cast by men and 170 votes cast by women, making a total of 835 votes. W. V. Miles received 632 votes cast by men and 268 votes cast by women, making a total of 900 votes. J. C. Brooks received 106 votes cast by men and 106 votes cast by women, making his total 212. Upon a canvass of the votes Miles was declared elected and the clerk issued a certificate of election to him and he thereupon qualified as town assessor. Mayfield filed a petition to contest the election, making both Miles and Brooks parties defendant. Sum-

mons was issued and served upon Miles and a return was made showing that Brooks could not be found in Coles county. The summons was made returnable June 1. At that time the cause was continued to July 6. A demurrer had been filed by Miles to the petition, which was withdrawn and an answer filed denying all of the material allegations of the petition. On July 8 the cause was called for trial. Mayfield made a motion for a continuance, based upon an affidavit, which the court denied, and the petitioner failing to offer any evidence or take any other or further steps in the case, the petition was dismissed for want of prosecution. A bill of exceptions was preserved, and this appeal has been prosecuted for the sole purpose of reviewing the action of the court in denying the motion for a continuance.

The petition was manifestly filed in expectation of this court holding the Woman's Suffrage act unconstitutional. If the votes cast by women were all rejected appellant would have 33 majority over appellee, but if the votes cast by women be counted as legal ballots, on the face of the returns appellee has a majority of 65 over appellant. While there are some other general allegations in the petition, it is clear that the petitioner based his contest on the supposed illegality of the votes cast by women. The affidavit filed for a continuance states, among other things, that the question of the constitutionality of the Woman's Suffrage act was pending in the Supreme Court and that said question was of vital, if not controlling, importance as to the merits of said petition, and it is further stated that the continuance is desired until the Supreme Court renders a final decision on the validity of said act, and that affiant is advised that such decision will be rendered at the October term, 1914, of the Supreme Court. The opinion of this court holding the Woman's Suffrage act constitutional was handed down June 16, 1914, which was some three weeks before the affidavit for a continuance was presented.

Another reason for the continuance set up in the affidavit was that J. C. Brooks had not been served with summons and had made no appearance. The affidavit states that said Brooks is now located at San Angelo, Texas, and that he had gone out of the State and could not be served with process. The affidavit, however, fails to state when said Brooks left the State and shows no attempt whatever to get service upon him, by publication or otherwise. If Brooks was a necessary party, section 114 of the Election law provides that service may be had "in the same manner as is provided in cases in chancery." If Brooks was out of the State when the petition was filed on the 28th day of April, appellant could have filed his affidavit and caused publication of notice as in chancery cases, and thus have obtained service upon him in time for the July term of court. If he was in the State at the time the petition was filed he might have been served with process before he removed to Texas. The affidavit for a continuance shows no attempt to obtain service upon Brooks in any manner, but we are of the opinion that Brooks was not a necessary party to this contest. It clearly appears from the petition that Brooks was not making any claim to the office and that his rights could not in any way be prejudiced by the contest between appellant and appellee, who were the only possible claimants to the office. *Brents* v. *Smith,* 250 Ill. 521; *Arnold* v. *Keil,* 252 id. 340.

The affidavit for a continuance states, upon information and belief, that an agreement had been made between the attorneys of the parties that the cause should stand continued until the Supreme Court rendered a decision in the case involving the constitutionality of the act giving women the right to vote for certain officers and propositions. There is no affidavit of either of the attorneys in the case in respect to any such agreement, and even if such agreement had, in fact, been made, as already stated the decision of this court referred to had previously been

handed down, so that any such agreement, if made, would not have justified the court in a further continuance of the case.

The court did not err in overruling appellant's motion for a continuance, and the judgment below will be affirmed.

*Judgment affirmed.*