GEORGE E. BOWEN, Appellant, *vs.* JOHN S. RUSSELL *et al.* Appellees.

*Opinion filed February 16, 1916—Rehearing denied April 7, 1916.*

1. ELECTIONS—*the matter of contesting elections is regulated entirely by statute.* The matter of contesting an election, including the jurisdiction and mode of trial, is entirely statutory, and a proceeding to contest an election, being neither an action at law nor in equity, cannot be brought in any court unless the statute so provides.

2. SAME—*county court cannot hear contest of election for city commissioner.* In view of the various provisions of the act relating to the commission form of government, in connection with the Cities and Villages act, the commissioners, and not the county court, have jurisdiction to determine the contest of an election for city commissioner, notwithstanding the said act gives the county court jurisdiction to determine a contest for primary nomination of commissioner.

3. SAME—*a person has no vested right to an office.* The provision of the act concerning the commission form of government under which the commissioners are the judges of a contest of an election for city commissioner cannot be said to be in violation of the constitutional rights of the contestant, as a person has no vested right to an office.

APPEAL from the County Court of Kane county; the Hon. S. N. HOOVER, Judge, presiding.

R. H. KRAMER, CHARLES H. FISHER, and ERNEST C. LUTHER, for appellant.

HEALY & BEVERLY, and RUSSELL & McNERNEY, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant filed a petition in the county court of Kane county to contest the election of John S. Russell, William F. Hunter, Charles L. Kohn and John O'Connell, appellees herein, to the office of commissioners for the city of Elgin, in said county, at the general municipal election held April 20, 1915, said city being under the commission form of municipal government. The county court held that it was without jurisdiction to hear said contest and entered a decree dismissing the petition. From that decree this appeal has been prayed.

Several questions are argued in the brief, but they all rest upon or are connected with the question whether the county court has jurisdiction to hear this contest. From the record before us it appears that the city of Elgin previous to 1911 was organized and governed under the general City and Village act; that in 1911 the voters of said city adopted the commission form of government, as provided in said act; (Hurd's Stat. 1913, pp. 295-320;) that said appellees in that year were duly elected commissioners of said city and held office until April 20, 1915, when they were, upon the canvass of votes, declared re-elected as commissioners. Appellant, Bowen, was also a candidate for said office at the April 20, 1915, election, and by the petition herein alleges that he was elected.

Counsel for appellant contend that under said act for a commission form of government the county court has jurisdiction to hear this contest, while counsel for appellees contend that the city council of said city is the proper body to hear contests of this kind, as is the city council under the general City and Village act.

Section 1 of the Commission Form of Government act provides, among other things, that all cities and villages in

Illinois adopting said act shall, "in addition to all rights, powers and authority in them vested, under and by virtue of said acts, [meaning the general City and Village act and all acts amendatory thereto,] have and they are hereby vested with the further and additional rights, powers and authority contained in this act," etc.   Section 23 of said act provides: "The council shall have and possess, and the council and its members shall exercise all executive and legislative powers and duties now had, possessed and exercised by the mayor, city council, president and board of trustees of villages, board of library trustees, city clerk, city attorney, city engineer, city treasurer, city comptroller and all other executive, legislative and administrative officers' in cities or villages now or hereinafter organized and incorporated under the general Incorporation law of the State of Illinois for the incorporation of cities and villages," etc., with certain exceptions which in no way touch upon the question of jurisdiction to hear this contest.   Section 58 of said act provides: "In the construction of this act the following rules shall be observed, unless such construction would be inconsistent with the manifest intent, or repugnant to the context of the statute:   (*a*) The words 'commissioner' or 'alderman' or 'village trustees' shall be construed to mean commissioner when applied to duties under the act to which this is an amendment.   (*b*) When an office or officer is named in any law referred to in this act, it shall, when applied to cities or villages under this act, be construed to mean the office or officer having the same functions or duties under the provisions of this act, or under ordinances passed under authority thereof.   (*c*) The word 'council' shall be considered synonymous with 'city council' or 'president and board of trustees.' "

Unless there is something else in the Commission Form of Government act that bears on this question, the conclusion would naturally be drawn from the provisions of these quoted sections that if the city council and village trustees

were authorized to hear contests under the general City and Village act, the city council under the Commission Form of Government act would still have that authority. We find no provision in this act that in any way tends to lead to the opposite conclusion. On the contrary, there are certain other provisions that tend strongly to support this conclusion. Paragraph (*e*) of section 18 of said Commission Form of Government act provides: "All general and special municipal elections in said city or village shall be held, conducted and contested under the Election law in force in such city or village, except as herein otherwise provided." (Hurd's Stat. 1913, p. 303.) Beyond question, under the general City and Village act for the incorporation of cities and villages, the city council of cities organized under the act had the sole authority to hear contests as to its members, and the village trustees of organized villages had the same authority as to members of the board of trustees. (*Brush* v. *Lemma,* 77 Ill. 496; *Linegar* v. *Rittenhouse,* 94 id. 208; *Foley* v. *Tyler,* 161 id. 167; *King* v. *Jordan,* 198 id. 457; *Baker* v. *Shinkle,* 249 id. 154.) Clearly, therefore, under said paragraph (*e*) of section 18 the city council would have the authority to hear contests as to its own members unless the Commission Form of Government act in some other provision provides otherwise. No such provision is found in the law, and any fair construction of the entire act, in the light of the decisions of this court, leads inevitably to the conclusion that the legislature intended that a contest of this kind should be heard and conducted in the same manner as those under the general City and Village act.

Counsel for appellant argue earnestly that the legislature, by providing in said Commission Form of Government act that contests for the primary nominations for commissioners should be held by the county or circuit court or county or circuit judge, must have intended that a contest for an election such as this must be held by the county

or circuit court or the judge thereof. With this we cannot agree. The fact that the legislature, in passing this act, specifically provided that contests for the nomination should be heard by the county or circuit court or the judge of either of said courts in vacation, and then added the provision of paragraph (*e*) of section 18 as to contests for general and special municipal elections, shows that it necessarily intended that a contest as to such an election should be conducted differently from a contest concerning the primary nomination. Certainly, if it had intended that contests as to special and general elections were to be heard in the circuit or county court it would have been a very simple matter to so state, and then there would have been no necessity for including in said paragraph any provision as to contests. Indeed, if the construction is placed upon this Commission Form of Government act that is contended for by counsel for appellant, the word "contested" in said paragraph (*e*) is left without any meaning, as all contests would then be carried on as "otherwise provided" in this act and none "under the Election law in force in such city or village." The various provisions of the Commission Form of Government act are in entire harmony with the construction of the act here followed.

The argument of counsel for appellant that this makes the commissioners the judges of their own election, that no judge under our system of law can hear his own case, and that therefore the legislature certainly never intended the council to hear such contests, in the light of decisions heretofore rendered by this court we think is without force. The same argument was made in *Foley* v. *Tyler, supra,* against the members of the board of trustees of an organized village having jurisdiction to hear their own contests, and the court held that they were authorized so to do, saying (p. 176) : "Whether the provision is a wise one or not we are not authorized to determine." The provisions for the organization and government of villages by boards of

trustees and for the hearing of contests are practically the same as are provided in this Commission Form of Govern-·ment act on the same subjects, and this last decision must be held controlling here. That conclusion is also in full harmony with the authorities heretofore cited as to the city council having jurisdiction to hear contests as to its members. The same arguments have been urged in other jurisdictions and the same conclusion reached. See *People* v. *Metzker*, 47 Cal. 524; *Mitchell* v. *Witt*, 98 Va. 459; *Henry* v. *City Council of Camden*, 42 N. J. L. 335; *Attorney General* v. *Sands*, 68 N. H. 54; *Booth* v. *County Court of Arapahoe County*, 18 Colo. 561.

The manner of contesting elections is regulated entirely by the statute. The jurisdiction, mode of trial and the entire contest are purely statutory and are beyond the judicial power. A contest is neither an action at law nor in equity, and cannot be brought before any court unless the statute so provides. (*Linegar* v. *Rittenhouse, supra; Allerton* v. *Hopkins*, 160 Ill. 448; *Douglas* v. *Hutchinson*, 183 id. 323.) This statute provides that this contest shall be heard by the city council. The wisdom of such a provision cannot be considered by us. That is a question for the legislature.

Counsel further insist that such provision is unconstitutional, as it deprives appellant of his rights without due process of law. An officer has no vested right in an office. (*Donahue* v. *County of Will*, 100 Ill. 94; *People* v. *Barrett*, 203 id. 99.) If appellees are wrongfully holding office, that question can be tested on behalf of the public interests by *quo warranto* proceedings. *Snowball* v. *People*, 147 Ill. 260; *People* v. *Altenberg*, 260 id. 191.

The county court rightly held that it was without jurisdiction to hear this contest, and the decree of that court must be affirmed.

*Decree affirmed.*