(No. 13595.—Proceeding abated.)

EDWIN A. OLSON, Appellant, *vs.* THOMAS F. SCULLY *et al.*—(WILLIAM A. CUNNEA, Appellee.)

*Opinion filed February 15, 1921.*

1. ELECTIONS—*right to an office is not a property right.* The right to an office is purely statutory and is not a property right, nor are the prospective fees of the office the property of the incumbent, but the term "office" implies a delegation of a portion of the sovereign power of the government to the person filling the office.

2. SAME—*right to contest an election to office is statutory.* The right to contest the election of an individual to office is not a common law right but exists only by statute, and the action is neither at law nor in equity, though the proceeding is governed by rules of chancery practice.

3. SAME—*action to contest the election to office of county judge abates upon the death of contestee.* An action by one of the candidates to contest the election to the office of county judge abates

upon the death of the contestee, as the action is personal and there is no provision in the statute for its survival; nor does the action survive because of the existence of a party co-defendant who has no material interest in the contest and was an unnecessary party.

4. SAME—*contest of election to office by one of the candidates is an adversary proceeding.* The contest of an election to an office by one of the candidates for the same office, although the petition is filed on the relation of an elector, is nevertheless an adversary proceeding and not one in which the public interest is paramount.

5. ABATEMENT—*death of either party abates the suit at common law.* Under the rule at common law the death of either party at any stage of a proceeding abates the action.

6. SAME—*what determines whether a cause of action survives upon death of a defendant.* Under the Abatement statute the test as to whether a cause of action survives upon the death of a defendant is whether the action is such as may be brought originally against his representatives, or, if there are remaining defendants, whether or not it survives against them.

. 7. SAME—*actions which are not assignable do not survive.* Where a right of action is so entirely personal that one cannot by contract or assignment place it beyond his control the action will not survive.

8. SAME—*statutory action will not survive unless declared to do so by the statute.* A cause of action created by statute does not survive the death of a party unless declared to do so by the statute itself or unless provision for its survival is made by some other statute.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

W. F. STRUCKMANN, GEORGE T. BUCKINGHAM, and CHURCH, SHEPARD & LYNDE, for appellant.

IRA RYNER, and GEORGE B. GILLESPIE, *amici curiæ.*

Mr. JUSTICE STONE delivered the opinion of the court:

At the November, 1918, election, Edwin A. Olson, appellant, Thomas F. Scully and William A. Cunnea, appellee, were candidates on the republican, democratic and socialist tickets, respectively, for the office of judge of the county

court of Cook county. The county canvassing board, on a canvass of the returns, proclaimed Thomas F. Scully elected by a plurality of 12,610 votes. Appellant filed his petition to contest the election, alleging various grounds as a basis for the petition. Cunnea answered, neither admitting nor denying the allegations of the petition. Scully filed his answer, denying the contestant's allegations. On September 11, 1919, during the pendency of this contest, Scully died, and counsel who had up to the time of his death represented him in said contest filed a motion in the superior court to abate the suit on account of the death of Scully. This motion was denied. Upon a final hearing on the petition the superior court found that the candidates had received votes as follows: Thomas F. Scully 172,342, Edwin A. Olson 166,397 and William A. Cunnea 25,255, and declared Scully elected. Appellant brings the cause here for review.

Counsel who appeared for Thomas F. Scully during his lifetime filed their motion in this court to be allowed to appear as *amici curiæ* and to present a motion to abate the cause. The motion to appear as *amici curiæ* was allowed, and the motion to abate the cause, and briefs filed therewith, were taken with the case. The motion of *amici curiæ* that the suit abate is based upon their view of the law that the proceedings for the contest of an election to an office being governed entirely by statute, and there being no statute of the State of Illinois providing for the survival of an election contest upon the death of either the contestant or contestee, the contest thereupon abates.

There was no provision under the common law for the election of an individual to office. Such matter is wholly statutory. There is no such thing as a common law right to hold an office but such right is purely statutory. The right to an office is not a property right. A public office is not property, nor are the prospective fees of office the property of the incumbent. An office is a legal right to

exercise a public function or employment. It is not the subject of sale, purchase or incumbrance. The term "office" implies a delegation of a portion of the sovereign power of the government to the person filling the office. It is erroneous to say that an incumbent owns an office or has any title to it. *Bowen* v. *Russell;* 272 Ill. 313; *People* v. *Barrett,* 203 id. 99; *People* v. *Kipley,* 171 id. 44; *Donahue* v. *County of Will,* 100 id. 94.

The right to contest an election is not a natural right and did not exist at common law. It exists in this State by statute and is neither an action at law nor in equity, though the proceeding is governed by rules of chancery practice. *Brinkman* v. *Bowles,* 280 Ill. 27; *Bowen* v. *Russell, supra; Conway* v. *Sexton,* 243 Ill. 59; *Quartier* v. *Dowiat,* 219 id. 326; *Weinberg* v. *Noonan,* 193 id. 165; *Rodman* v. *Wurzburg,* 183 id. 395.

The common law rule was that the death of either party at any stage of a proceeding abated the action. (*People* v. *Western Life Indemnity Co.* 261 Ill. 513; 5 Ency. of Pl. & Pr. 786, *et seq.;* 1 Comyn's Digest, 7173; *Green* v. *Watkins,* 6 Wheat. 260.) Section 10 of the Abatement act provides that when there is but one plaintiff, petitioner or complainant in an action at law or in equity, and he shall die before final judgment or decree, the cause shall not on that account abate if the cause of action survive to the heir, devisee, executor or administrator of such decedent. Section 11 provides that where there is but one defendant in an action or proceeding at law or in equity and he dies before final judgment or decree, the action shall not on that account abate if it might be originally prosecuted against the heir, devisee, executor or administrator of such defendant. Section 12 provides that where there are several plaintiffs or defendants in an action or proceeding at law or in equity the cause of which survives, and any of them die before final judgment or decree, the action, proceeding or complaint shall not on that account abate but such death may

be suggested on the record and the cause proceed at the suit of the surviving plaintiff or against the surviving defendant as if such persons had been originally the sole parties to the suit. Section 17 provides that where there are several parties complainant or defendant in a suit or proceeding in chancery and any of them die, and the cause of action does not survive to the surviving complainant or against the surviving defendant, and in case other persons become interested in the cause in consequence of such decease, such suit or proceeding shall by reason of such death be abated only with respect to the deceased party, and the person or legal representative so becoming interested may be made a party to such suit or proceeding.

It will be observed from these sections that even in actions or proceedings at law or in equity, of which this is neither, the test as to whether or not the death of a plaintiff abates the proceeding is whether or not the cause of action survives to his representative, and that in the case of the death of a sole defendant the test is whether or not the cause might be prosecuted as an original proceeding against the representative of such defendant; and likewise in case of the death of a part of the plaintiffs or defendants the test is whether or not the cause of action by its nature survives either as against the remaining defendants or as against the legal representatives of the deceased defendant. These sections of the statute contain the only provisions with reference to the abatement of causes of action. It has been held by this court that where a right of action is so entirely personal that a person cannot by contract place it beyond his control the action will not survive; that as a general rule assignability and survivability of causes of action are convertible terms. *Selden* v. *Illinois Trust and Savings Bank,* 239 Ill. 67.

Treating this proceeding as an action or proceeding at law or in equity is treated, so far as the question of abatement is concerned, the question here arises whether or not

the contest against the deceased contestee is such as might be originally brought against his representatives. This language of the statute was apparently inserted by reason of the common law rule which abated a cause on the death of either party, and in cases where the representatives of a deceased defendant might under the common law be liable in an original action, an original suit was required under the common law to be brought against them. This provision of the statute on abatement avoids the necessity of bringing an original suit, but the test of the survival of a cause of action where the defendant has died is whether or not an original action or proceeding can, under the nature of the case, be instituted against his personal representatives. If such be the situation, then the cause may proceed by suggesting the death of the defendant on the record and suing out summons against his representatives. Applying that test to the case at bar, the question is, is this contest against the deceased, Scully, such as might upon his death be brought as an original action against his representatives? We think not. The duties of the office of county judge are such that they must be performed by the occupant and cannot be delegated to another. The contest, therefore, as to who shall perform those duties is a personal contest. The only individuals having any interest in the office are the contending parties. The representatives of the deceased cannot succeed to the office. Salary is not, in a legal sense, involved in the case. Salary might follow as a result of the case, as an incident to the office, but not by force of the judgment itself which is to be rendered in the case. The court hearing the contest has no power to adjudge rights to salary. The only scope of this judgment is to declare who is entitled to the office. The contestant does not by his contest seek a judgment for salary paid to the contestee. As we have seen, the right to hold office is purely statutory. The methods by which it shall be acquired are likewise statutory, whether by election or by contest. This

case not being such a proceeding as might be brought as an original action against the representatives of the deceased, Scully, it follows that it is not within the purview of the statute in relation to abatement.

It is well settled in this State that a cause of action created by statute does not survive unless declared so to do by the statute itself or unless provision for its survival is made by some other statute. (*Selden* v. *Illinois Trust and Savings Bank, supra; People* v. *Western Life Indemnity Co. supra.*) The latter case arose on a petition for *mandamus.* The court held that an action in *mandamus* will not survive on the death of any of the parties to the action unless it be so provided by statute; that "this is a settled rule, so far as we are advised at the present time, in all jurisdictions." In *Selden* v. *Illinois Trust and Savings Bank, supra,* the same rule was announced.

But it is contended that this rule does not apply because Scully was not the sole defendant. While, as provided by section 12 of the statute on abatement, in case of the death of one party where the cause of action survives such case may proceed against the surviving party, it does not provide that because there is a co-defendant the cause of action would for that reason survive so far as the deceased defendant is concerned. Moreover, section 12 makes no provision for survival of the cause of action against a deceased defendant, but provides only that if it be a cause which does survive it may proceed against the remaining defendant. That section applies, as it states, to cases in which the cause of action survives, and cannot be taken as authority, in any event, for the contention of appellant. In no event, under the statute on abatement, could the cause of action survive as to the deceased because of the existence of a party co-defendant. If it survive at all it must be for a very different reason, and that reason is, that it is such a cause as might be brought as an original action against his representatives. This, we have seen, is not

the case.    In addition, it may be said that William A. Cunnea, by reason of his answer making no claim and it appearing here that his rights can in no way be prejudiced by the contest between the other two candidates, is not a necessary party.    *Mayfield* v. *Miles,* 266 Ill. 186.

In *Harvey* v. *Harvey,* 87 Ill. 54, citation proceedings were instituted in the county of LaSalle to compel Joel Harvey, a guardian, to render an account.    During the pendency of the cause the guardian died, and upon a motion of the wards his executrix was made a defendant to the proceeding.    After she was served with summons she entered her motion that the suit abate, which motion was allowed and judgment was rendered against the wards for costs.    The proceeding under citation being a statutory one it did not survive the death of the defendant at common law, and in discussing the application of section 11 of the statute on abatement this court said: · "Under this act it is apparent the proceeding would not survive as it could not have been maintained originally against the executor of the guardian, and we are aware of no section of the statute that would save the proceeding after the guardian's death."    The application of this reasoning to the instant case is apparent. Had Scully died before the commencement of this contest it could not have been maintained against his representatives, and there appear to be no sections of the statute that would save the proceeding after the death of Scully.

In *Hargett* v. *Parrish,* 114 Ala. 517, where an election to the office of sheriff was contested and the contestee died pending an appeal from the judgment of the trial court and the vacancy was filled by appointment, it was held that, the proceeding being purely statutory and there being no survival of the cause of action on the death of the contestee at common law, unless authorized by statute the contest would abate on the death of the contestee.    The statute of Alabama relating to such contest provides that it does not abate on the death of the contestant but contains no

provision regarding the abatement or survival of the suit in case of the death of the contestee, and it was held that since neither the common law nor the statute authorized such survival and did not authorize substitution against the appointee the suit abated.

In *Gantt* v. *Brown,* 244 Mo. 296, where the contest arose over the election of judge of the Supreme Court of Missouri, it was held, after a review of numerous cases, that the death of the contestant abated the action.

In *Rafferty* v. *McGowan,* 136 Ill. 620, Rafferty and McGowan were candidates for assessor. The latter was declared elected and the former filed a contest against him. McGowan, however, resigned before the contest was filed, and it was held that where a person who may be declared elected to an office dies, resigns or refuses to accept the office and some other person is appointed or elected before a contest is instituted, the person first declared elected cannot be "the person whose office is contested," within the meaning of the statute; also holding that the proper remedy would be *quo warranto* against the appointee or successor.

Appellant, however, claims that the public interest in this or any election contest is paramount, and that therefore the cause of action survives regardless of the death of a party thereto, and cites in support of his contention *Irmegar* v. *County of Tazewell,* 264 Ill. 172. That case was a contest arising over a special election concerning the issuing of bonds to build a court house and was filed in accordance with section 117 of the Election law, which provides that any five electors of the county may contest the election upon a subject which may be by law submitted to a vote of the county, by filing their written statement in like form as in other cases of contested elections, and the county shall be made a defendant. It will be seen upon a reading of the case that the question involved was a public question; that the county was made a party to the cause. It was sought there to evade the contest on the ground that

the court did not have jurisdiction by reason of an insufficient number of names on the petition to contest, some having withdrawn. It was held, however, that the court having obtained jurisdiction it could not be taken away by the acts of the parties who sought to withdraw, where a public interest was involved. That case, however, is distinguished from the present case by the language of the opinion, wherein it says: "Election contests where one person files a contest as to an office for which he has been a candidate have sometimes been stated to be adversary proceedings. (15 Cyc. 402, and cases cited.) This, however, is not that sort of contest and we are not required to consider or decide that point. The public, alone, is here interested." It will be seen, therefore, that this case is not authority for the contention that this is not an adversary contest or that the public interest is paramount.

The *Kneass case,* 2 Pars. 559, cited by appellant, was a contest over the office of district attorney. It appears that under the Pennsylvania statute an election might be contested by not less than twenty electors, and it was sought in that case to deprive the court of jurisdiction by the withdrawal of a sufficient number of the signers on the petition to bring it under the number required by statute. The question in the case appears to have been whether or not the petition should be allowed to be amended, and in holding that such motion should be allowed the court stated that "the jurisdiction of the court had attached from the moment the petition was filed, and a few individuals by withdrawing should not shut out all inquiry." The proceeding was under the Pennsylvania statute requiring the signature of twenty citizens before the petition was filed and was not a contest filed by a contestant for the office, and the Pennsylvania court considered such a cause a public·one. Neither the Pennsylvania statute nor the facts in that case are the same as in the case at bar. Here the petition is filed by the contestant who claims the office, and

there is no attempt on the part of any individual by his own act to deny the court jurisdiction after once having conferred it. If the cause abates in this case it is due to the death of the contestee and not to the action of anyone.

*Taylor* v. *Beckham,* 108 Ky. L. 291, was a consolidation of different cases involving the right to fill the offices of Governor and Lieutenant Governor of the State of Kentucky. During these proceedings Goebel, who had been seated by the legislature, died, and it was held that the cause did not for that reason abate. It was there specifically held, however, that the death of Goebel did not affect the right of the appellee Beckham, for the reason that if Goebel was elected Governor and Beckham Lieutenant Governor, Beckham upon Goebel's death became entitled to the office of Governor, and the contest, on Goebel's death, became a contest of his (Beckham's) right to the office of Governor, and that he had the right to continue the contest to secure that position. This case is so readily distinguishable from the case at bar on its facts that further comment is unnecessary.

Appellant also cites the case of *Greenwood* v. *Murphy,* 131 Ill. 604. In that case the contest of the election of Greenwood to the office of city attorney of the city of Spring Valley was based on his ineligibility by reason of being a non-resident of the city of Spring Valley. The petition did not attack the fairness or correctness of the returns but conceded that appellant received a majority of the votes cast. The petition was based solely upon the ground that he lacked the qualification of residence. The court held that the county court did not have power in an election contest to determine whether or not the party already elected possessed the necessary qualifications for office, but that this must be determined by information in the nature of *quo warranto* in the name of the People; that in an election contest the question was determined which of the two parties was elected. It will be seen that this

case is not authority for the position that an election contest between two candidates is not an adversary proceeding.

Appellant also cites *County of Lawrence* v. *Schmaulhausen,* 123 Ill. 321. In that case a petition was filed to contest an election on the issuance of bonds. The contest was filed under section 117 of chapter 46 of the Revised Statutes, concerning elections, requiring the filing of a petition by five electors in case a contest is desired of an election on a public question. In that case, as in the case of *Irmegar* v. *County of Tazewell, supra,* it is evident that the question was a public one, for the people were directly interested as to the outcome of the vote on the issue of bonds. The public is not, in that sense, interested in who holds an office. In that case the question litigated in the contest directly affected the rights of the people in the settlement of the liability of the public to pay certain proposed bonds. In the case at bar the question litigated is the right of one of two parties to fill an office. While appellant contends that he filed this petition in the relation of an elector and on behalf of the public, yet it is nevertheless a petition filed by a candidate for an office to contest the election of another candidate for the same office who has been declared elected thereto, and thus becomes an adversary proceeding.

Appellant also cites section 454 of McCrary on Elections, where the author states that a contested election case, whatever the form of proceeding may be, is in its essence a case in which the constituency are primarily and principally interested; that it is not a suit for the adjudication and settlement of private rights, simply. An examination of the authorities upon which this author bases this statement, a number of which have been discussed in this opinion, will show that they do not go to the extent of the text. Such has never been held to be the rule in this State.

Counsel for appellant cite no authorities sustaining the contention that a statutory proceeding will survive the death of a party in the absence of provision by statute for

such survival, and we are unable to find authorities directly supporting such contention. On the other hand, it is settled in this State that in the absence of statutory provisions for the survival of a statutory proceeding such proceeding abates on the death of a party. There appears to be no provision in our statute for the survival of a case of this character upon the death of one of the parties. As this is conclusive of the rights of the parties it becomes unnecessary to review other points raised in this case.

The motion of *amici curiœ* must be allowed and the proceeding abated.        *Proceeding abated.*