In the Matter of the Application of Emilie Glos, for Probate of the Will of Adam S. Glos, Deceased. Appeal of Jacob Glos.

Gen. No. 8,069.

Opinion filed October 8, 1929. Rehearing denied February 4, 1930.

JOHN R. O'CONNOR and CHARLES W. HADLEY, for appellant.

CHARLES S. WILLISTON and SAMUEL J. HOWE, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

On January 9, 1928, the will of Adam S. Glos, deceased, was admitted to probate in the county court of DuPage county. The testator left no descendant surviving. Jacob Glos, a brother, resisted the probate of the will in the county court, and took an appeal to the circuit court. After the appeal had been perfected, he died intestate. On January 4, 1929, Albert H. Glos,

a son of Jacob Glos, filed a motion in the circuit court suggesting the death of his father, and asked to be substituted as party appellant. The motion was denied and the circuit court dismissed the appeal.

Sectons 13 and 14 of the Statute of Wills, Cahill's St. ch. 148, ¶¶ 15 and 16, provide:

"Section 13. When the probate of any will and testament shall have been allowed or refused by any county or probate court, and an appeal shall have been taken from the order or decision of such court, allowing or refusing to admit such will to probate, into the circuit court of the proper county, as provided by law, it shall be lawful for the party seeking probate of such will to support the same, on hearing in such circuit court, by any evidence competent to establish a will in chancery; and in case probate of such will shall be allowed on such appeal, it shall be admitted to probate, liable, however, to be subsequently contested, as provided in the case of wills admitted to probate in the first instance.

"Section 14. Appeals may be·taken from the order of the county court, allowing or disallowing any will to probate, to the circuit court of the same county, by any person interested in such will, in the same time and manner as appeals may be taken from justices of the peace, except that the appeal bond and security may be approved by the clerk of the county court; and the trials of such appeals shall be *de novo.*"

The statute makes no other provision for an appeal from an order of the county or probate court allowing or refusing a will to probate. The probate of a will is a special statutory proceeding in which the character and quantity of proof required has been carefully prescribed and the effect of the judgment of the court precisely declared.

At common law, the death of either party at any stage of a proceeding abated the action. (*Olson v.*

*Scully,* 296 Ill. 418; *People v. Western Life Indemnity Co.,* 261 Ill. 513.) A cause of action created by statute does not survive, unless declared so to do by the statute itself or unless provision for its survival is made by some other statute. (*Selden v. Illinois Trust & Savings Bank,* 239 Ill. 67; *People v. Western Life Indemnity Co., supra; Olson v. Scully, supra.*) In this State there is no statute which provides that an appeal from an order allowing or refusing probate of a will may survive the death of the appellant.

But it is contended that the appeal to the circuit court was the beginning of a suit to contest the will of Adam S. Glos within the meaning of the third proviso to section 7 of the Statute of Wills, Cahill's St. ch. 148, ¶ 7, and that by the terms of that proviso the suit did not abate by the death of Jacob Glos. The whole subject relating to the execution, probate, and contest of wills, as well as the devolution of property by will, is statutory. The legislature has provided a prompt and summary proceeding for the probate of wills. No issue is required to be made between those who assert and those who deny the validity of the will, and the purpose of the proceeding, as has been stated in many cases, is merely to make a prima facie case of the execution of the will and the capacity of the testator, so that the estate may be cared for and the administration proceed, reserving, to any person interested, a distinct right to contest the validity of the will at any time within a year of its probate; and until the expiration of that time, the probate is not conclusive but is expressly declared liable to be contested; and every fact necessary to establish a will in chancery is open to inquiry. (*Buerger v. Buerger,* 317 Ill. 401.) It is thus apparent that the procedure for probating and the procedure for contesting wills are entirely different and are governed by different sections of the statute. The entire subject matter of section 7, Cahill's

St. ch. 148, ¶ 7, after the first paragraph, has to do with the right to contest a will by a bill in chancery, and it cannot be said by any process of reasoning that the provisos to that section were intended to embrace appeals under sections 13 and 14, Cahill's St. ch. 148, ¶¶ 15 and 16. The object of a contest proceeding is to set aside the probate of a will and not to establish it. (*Havill v. Havill,* 332 Ill. 11.)

The appeal from the order of the county court was not the beginning of a suit to contest decedent's will within the provisions of section 7. An appeal is the continuation of a cause already pending and is not a new suit. (*Steele v. Ruprecht,* 147 Ill. App. 646; *Hopkins v. Patent,* 257 Ill. 346; *Sinclair v. Sinclair,* 224 Ill. App. 130; 3 C. J. Appeal and Error, 320.)

At the time the will in question was probated in the county court, Walter H. Glos was not an heir at law of Adam S. Glos, nor was he a legatee or devisee. He had no interest in the will and did not come within the term "person interested" prescribed by the statute. The appeal provided for by sections 13 and 14, Cahill's St. ch. 148, ¶¶ 15 and 16, is limited to persons interested in the will, and there is no other statutory provision permitting an appeal from the order of a county or probate court allowing or refusing probate of a will by anyone not interested in such will. Neither is there any provision of the statute permitting the substitution of any person for an appellant who perfected an appeal and subsequently died. The right of Jacob Glos to prosecute this appeal did not survive by virtue of any statute or by the common law. It abated upon his death. The circuit court of DuPage county correctly denied the motion of Albert H. Glos to be substituted as appellant and properly dismissed the appeal.

The order of the circuit court is accordingly affirmed.

*Order affirmed.*