## John H. Wedig, Appellee, v. The Kroger Grocery and Baking Company, Appellant.

Opinion filed January 4, 1935.

C. W. Burton, of Edwardsville, for appellant.

M. R. Sullivan, of Granite City, for appellee.

Mr. Justice Stone delivered the opinion of the court.

John H. Wedig recovered a judgment against the Kroger Grocery and Baking Company, appellant herein, for injuries resulting from a certain collision. Since the rendition of the judgment and since the appeal was prosecuted in this case, John H. Wedig, appellee, died. Now come J. Harrison Wedig, Jr., and J. C. Steele, co-executors of the will of the appellee, and suggest to the court the death of the appellee, and ask the court to substitute them as appellees herein. Appellant has filed a plea setting up the death of the appellee as a ground for abatement of the action.

We are of the opinion that death of the plaintiff who has recovered a judgment for personal injuries does not abate the action. The representatives of the plaintiff are entitled to be substituted as appellees and to have the case heard on its merits. In the event that the judgment of the trial court is correct, the judgment will be affirmed. In the event that a reversal is required the suit will be restored to its original status, and will abate.

The rule followed by the overwhelming weight of authority is well stated in Ruling Case Law:

"It is as obvious as it is elementary that a final judgment is the end of the litigation. . . . The cause of action then has ceased to exist, being merged in the judgment, and consequently, so long as the judgment remains in force, the doctrine of abatement has no further application, unless the case is one in which the death wholly eliminates the matter in controversy, such as a suit for divorce, which will abate on the death of either party so far as it relates to the status of the parties, except where property rights dependent there-

on are involved, . . . But the death of a party after judgment has been recovered does not wholly preclude further litigation. The defendant's right to prosecute an appeal or writ of error to review the proceedings in which the judgment was entered is not affected by the plaintiff's death, and since the judgment is enforceable against the defendant's estate, in the event of his death, his personal representatives have the same right of appeal. If the judgment is reversed the situation becomes the same as if there had been no judgment, i. e., the original cause of action is reinstated, with all its incidents, including liability to abate by the death of either party; . . ." Vol. 1 R. C. L., p. 39, par. 35.

This doctrine is supported by the authorities irrespective of whether the original cause of action was such as would have survived to the representatives. See annotation to *Lew v. Lee,* 62 A. L. R. 1043, 1048, and Vol. 1 Corpus Juris, p. 169, sections 288, 289.

Some decisions of the Supreme Court of Illinois purporting to be contrary to the general current of authority are cited. In *Wilcox v. International Harvester Co.,* 278 Ill. 465, the plaintiff died before judgment, and consequently before the cause of action was merged therein. The language of the court, pp. 471, 472, is definitely limited to death before final judgment. In *Holton v. Daly,* 106 Ill. 131, the plaintiff died after the judgment had been reversed, and the cause of action prosecuted by the administratrix was therefore restored to its original status. In *Prouty v. City of Chicago,* 250 Ill. 222, the action was originally instituted by the administrator for the benefit of the decedent's estate, and the only cause of action existing at the time of suit was one for the benefit of the next of kin. *Olson v. Scully,* 296 Ill. 418, was an election contest in which the contestee died. Obviously, there could be no recourse against the contestee's representatives. *People v. Western Life Indemnity Co.,*

261 Ill. 513, was a mandamus proceeding on behalf of one McPherson to compel the insurance company to keep a policy in force so long as the relator should pay the premiums. The court held that the action of mandamus was such a peculiarly personal action that it must abate. Here, as in the case of *Olson v. Scully, supra,* to grant the remedy would have been futile. To compel the company to accept the premiums would be a mere incident to the restoration of the policy. If the widow had any rights, they were fixed at the death of the insured, and the widow could recover in an appropriate action on the policy.

There is, however, language in the case of *People v. Western Life Indemnity Co., supra,* which is perhaps misleading in this connection. On page 514 the court says: "The common law rule was that the death of a party at any stage of the proceedings abated the action. A distinction, however, was made between an appeal and a writ of error, as an appeal divested the judgment of its legal effect, and the rule was, that in such case, if the action was one that did not survive, the whole action would abate before final judgment in the appellate tribunal. (5 Ency. of Pl. and Pr. 786, 793, 794; 1 Comyn's Digest, 71–73; *Green v. Watkins,* 6 Wheat. 260.)"

The distinction is carried further in 5 Ency. of Pl. and Pr. 800, between appeals and appeals in the nature of a writ of error, the latter being appeals which merely suspend the operation of the judgment and do not annul it. It would be a violent shock to the profession and a disturbance to well settled property law if a court were to hold in Illinois today that the effect of an appeal is to divest a judgment of its legal effect and to destroy the lien of the judgment. See *People v. Grace,* 237 Ill. 265, 270; *Brown v. Schintz,* 203 Ill. 136; *Moore v. Williams,* 132 Ill. 591; *Oakes v. Williams,* 107 Ill. 154; *Curtis v. Root,* 28 Ill. 367. The court in the *Western Life Indemnity Co.* case was fully cog-

nizant of the effect of an appeal on a judgment and did not intend there to state that the common law rule there noted was the rule in Illinois in modern times.

On principle the matter is clear. The cause of action is merged in the judgment for damages. The statutes of abatement and survival of causes of action have no application to the matter.

The motion to strike the plea in abatement is therefore allowed, and leave is hereby given to J. Harrison Wedig, Jr., and J. C. Steele, as executors of the last will and testament of John H. Wedig, deceased, to continue this cause in their names as appellees.

*Motion allowed.*