NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 210467-UB

NO. 4-21-0467

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 19, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JASON F. WOOLSEY, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| THE ILLINOIS STATE POLICE, | ) | No. 19CH27 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Allison Lorton, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE CAVANAGH delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court reversed, finding section 7.5(v) of the Illinois Freedom of
Information Act prohibited, without exception, the Illinois State Police from
disclosing Firearm Owners Identification Card information.

¶ 2    On March 12, 2021, pursuant to the Illinois Freedom of Information Act (FOIA) (5
ILCS 140/1 *et seq.* (West 2020)), the trial court ordered the Illinois State Police (ISP) to provide
plaintiff, Jason F. Woolsey, all documents relating to his application for a firearm owner's
identification (FOID) card, made pursuant to the Firearm Owners Identification Card Act (FOID
Card Act) (430 ILCS 65/0.01 *et seq.* (West 2020)). On July 22, 2021, the court awarded Woolsey
his attorney fees and costs pursuant to FOIA. ISP appealed, raising two issues: (1) whether a
permanent injunction bars ISP from producing the records to Woolsey and (2) whether the
language of FOIA exempts the documents from disclosure. Originally, we affirmed the trial court's
decision. See *Woolsey v. The Illinois State Police*, 2022 IL App (4th) 210467-U, ¶ 2. ISP petitioned

the supreme court for leave to appeal. On January 24, 2024, the supreme court denied ISP's petition but issued us the following order:

> "In the exercise of this Court's supervisory authority, the Appellate Court, Fourth District, is directed to vacate its judgment in *Woolsey v. Illinois State Police*, case No. 4-21-0467 (06/09/22). The appellate court is directed to consider the effect of this Court's opinion *Hart v. The Illinois State Police*, 2023 IL 128275, on the issue of whether the trial court erred in granting plaintiff's motion for summary judgment and determine if a different result is warranted." *Woolsey v. The Illinois State Police*, No. 128668 (Ill. Jan. 24, 2024) (supervisory order).

¶ 3        Accordingly, we vacate our judgment in *Woolsey*. In light of our supreme court's decision in *Hart v. Illinois State Police*, 2023 IL 128275, we now reverse the trial court's judgment, and we remand the case for further proceedings consistent with this order.

¶ 4                                I. BACKGROUND

¶ 5        On November 8, 2018, Woolsey sought from ISP, pursuant to FOIA, documents related to his FOID card, including (1) his application, (2) any denial of the application, and (3) any document containing any information relating to any legal disability that would have made Woolsey ineligible for a FOID card. He also specifically limited his request to information about his own FOID card and sought documents relating to ISP's processing time for FOID appeals in general. The request contained Woolsey's name, city of residence, and social security number.

¶ 6        ISP denied Woolsey's request for the documents, citing section 7.5(v) of FOIA (5 ILCS 140/7.5(v) (West 2020)), exempting from disclosure, *inter alia*, the names and information of people who have applied for FOID cards. ISP further advised it did not possess documents related to the processing times of FOID appeals.

¶ 7    On June 5, 2019, Woolsey filed a single-count complaint in the trial court seeking production pursuant to FOIA of the same information and, in addition, his attorney fees and costs incurred in prosecuting the matter. Woolsey later filed a motion for summary judgment, citing as support a judgment entered by the Madison County circuit court in a factually similar case. ISP also moved for summary judgment, asserting the same claims it makes herein, namely, the disclosure is barred by a permanent injunction, and the plain language of FOIA excludes from disclosure the information sought. The permanent injunction ISP relied upon was entered by the Peoria County circuit court in an action brought by the Illinois State Rifle Association. That injunction provides ISP is prohibited from releasing "personally identifying information" of those who have applied for FOID cards.

¶ 8    The trial court held a hearing on the motions for summary judgment, at which time Woolsey withdrew his request for information relating to the processing times of FOID card appeals. On March 12, 2021, the court granted Woolsey summary judgment and denied ISP's cross-motion. The court generally adopted the reasoning of the Madison County circuit court in the matter referenced above. The court noted the exemption claimed by ISP did not "speak specifically to an applicant seeking his/her own information from a public body." Further, the court explained the use of the terms "people" and "names," being plural, suggested section 7.5(v) of FOIA did not apply to those seeking information about their own FOID card applications (*id.*). Without explanation, the court found the permanent injunction did not prohibit ISP from releasing to Woolsey the information he sought.

¶ 9    Subsequently, Woolsey filed a petition seeking his attorney fees and costs pursuant to FOIA. On July 22, 2021, the trial court awarded Woolsey $2046.45 in fees and costs and, on August 17, 2021, granted ISP's motion to stay enforcement of the court's orders pending appeal.

¶ 10                                II. ANALYSIS

¶ 11          We review the issue of statutory interpretation *de novo*. *Sandholm v. Kuecker*,

2012 IL 111443, ¶ 41. Our review of a trial court's entry of summary judgment is also *de novo*.

*Id.* The section of primary interest from FOIA states as follows:

> "Statutory exemptions. To the extent provided for by the statutes referenced below,
>
> the following shall be exempt from inspection and copying:
>
> * * *
>
> (v) Names and information of people who have applied for or received
>
> Firearm Owner's Identification Cards under the Firearm Owners Identification
>
> Card Act." 5 ILCS 140/7.5(v) (West 2020).

¶ 12                                  A. *Hart*

¶ 13          In *Hart*, our supreme court granted ISP's petition for leave to appeal from two

consolidated cases from the Appellate Court, Fifth District. *Hart*, 2023 IL 128275, ¶¶ 1-2. The

plaintiffs in *Hart*, pursuant to FOIA, requested documents from ISP—like Woolsey had in the

present matter—related to their FOID card application and any legal disability regarding their

ineligibility for a FOID card. *Id.* ¶ 4. ISP denied the plaintiffs' requests, citing section 7.5(v) of

FOIA. *Id.* ¶ 5. The trial court in both plaintiffs' cases entered judgment in favor of the plaintiffs

and, ultimately, ordered ISP to produce the plaintiffs' applications for a FOID card and relatedly

requested documents. *Id.* ¶¶ 8-11. The appellate court affirmed the trial court's judgments. See

*Hart v. Illinois State Police*, 2022 IL App (5th) 190258, ¶ 34. The appellate court found the

legislature's use of plural terms for "names" and "people," as opposed to singular terms, meant

section 7.5(v) did not apply to an individual's request for his or her own FOID card information.

*Hart*, 2023 IL 128275, ¶ 12. The appellate court also reasoned that section 7(1)(c) of FOIA

permitted a person to consent to the disclosure of their own personal information contained within public records. *Id.* ¶ 13; see 5 ILCS 140/7(1)(c) (West 2018). The appellate court rejected ISP's argument that it could not verify whether a FOIA requester was in fact the same person requesting the information being sought, and it found the permanent injunction issued by the Peoria County circuit court of no moment. *Hart*, 2023 IL 128275, ¶¶ 14-15.

¶ 14        Our supreme court, in *Hart*, found the legislature's use of plural terms rather than singular terms did not, "in itself, mean that a request for one's own information is excluded from section 7.5(v)." *Id.* ¶ 21. The *Hart* court noted section 7.5(v) did not permit a concealed carry license holder's and applicant's information to be disclosed unless authorized by the Firearm Concealed Carry Act (430 ILCS 66/1 *et seq.* (West 2018)). *Hart*, 2023 IL 128275, ¶ 22. The Firearm Concealed Carry Act provides a provision "for the release of one's own denial and revocation information pertaining to concealed carry licenses." *Id.* The court explained, "If the legislature had similarly intended for information regarding an individual's FOID card to be subject to disclosure under FOIA, it would have said so. It did not." *Id.*

¶ 15        The court in *Hart* also disagreed with the appellate court's characterization of a FOID card application and subsequent denial letter as public records. *Id.* ¶ 24. The court found such information to be private information under section 2(c-5) of FOIA (5 ILCS 140/2(c-5) (West 2018)) that is not subject to disclosure under section 7(1)(b) of FOIA (*id.* § 7(1)(b)) by state or federal law or court order. *Hart*, 2023 IL 128275, ¶ 24.

¶ 16        Lastly, the *Hart* court stated, "while the plaintiffs are not entitled to the disclosure of their requested information under FOIA, they may obtain their FOID card applications and revocation letters through the Firearms Services Bureau, the division of ISP that processes FOID card applications and determines FOID card eligibility." *Id.* ¶ 25.

¶ 17                              B. This Case

¶ 18        On appeal, Woolsey argued (1) the Peoria County circuit court's permanent injunction was irrelevant and (2) section 7.5(v) of FOIA was inapplicable to his case. ISP argued the plain language of FOIA barred ISP's disclosure to Woolsey of information related to his FOID card, and that the Peoria County circuit court's permanent injunction prohibits the release as well. Based on our supreme court's decision in *Hart*, we agree with the State on its first argument.

¶ 19        In our original decision, we found *Hart*, 2022 IL App (5th) 190258, to be persuasive. This is no longer the case. When discussing the reasoning employed by the Fifth District in *Hart*, our supreme court explained:

           "[When interpreting section 7.5(v)], the appellate court emphasized that the statute uses the plural terms 'names' and 'people' and, therefore must not exempt from disclosure an individual's request for his or her own information. However, section 1.03 of the Statute on Statutes provides that '[w]ords importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular.' [Citation.] This is a well-settled principle of statutory construction. [Citation.] Accordingly, contrary to the appellate court's reasoning, the legislature's use of the plural terms 'names' and 'people' does not, in itself, mean that a request for one's own information is excluded from section 7.5(v)." *Hart*, 2023 IL 128275, ¶ 21.

¶ 20        Therefore, we find section 7.5(v) does not permit ISP to release Woolsey's FOID card application and related documents pursuant to FOIA as he requested. Additionally, we find Woolsey's FOID card information is not a public record subject to FOIA, nor do we find FOIA authorizes an individual to consent to the release of his or her own FOID card information. *Id.*

¶ 24. Ultimately, Woolsey can obtain the information he seeks through the Firearms Services Bureau; however, "FOIA is not the proper means for obtaining the requested information." *Id.* ¶ 25.

¶ 21 Because we agree with ISP that section 7.5(v) of FOIA prohibits it from providing Woolsey his FOID application, denial letter, and information relating to any legal disability preventing ISP from issuing Woolsey a FOID card, we need not address its argument pertaining to the Peoria County circuit court's permanent injunction. Because we are reversing the trial court's grant of summary judgment for Woolsey, we also vacate the court's subsequent order awarding Woolsey attorney fees and costs pursuant to FOIA.

¶ 22 III. CONCLUSION

¶ 23 For the foregoing reasons, we reverse the trial court's judgment.

¶ 24 Reversed; cause remanded.